## SHERMAN F. PIPER *vs.* WILLIAM M. DANIELS

### Androscoggin.    Opinion December 16, 1927.

*A judgment against a principal is res adjudicata as to an agent of the principal for the same cause of action.*

*Where the action against the principal has been disposed of by a nonsuit, it will not constitute a bar in an action against his agent for the same cause.*

*A plaintiff can recover only secundum allegata.    Under a declaration alleging damages for diverting the waters of a brook by building two culverts, a plaintiff can not recover for damages caused by digging a trench upon his land when by his own testimony the damages complained of were caused solely by digging the trench.*

*When the point is raised at the trial at nisi prius that the declaration is not broad enough to cover the acts from which it is claimed the injuries flowed, the case can not be treated before the Appellate Court as though an amendment had been made, but must be determined according to the well established rules of pleading and proof.*

On exceptions.    An action to recover damages for alleged diversion of natural water courses resulting in overflowing and injuring lands of plaintiff.    Plaintiff excepted to directed verdict for defendant.

The case sufficiently appears in the opinion.

*Nicolaus Harithas*, for plaintiff.

*Tascus Atwood*, for defendant.

SITTING: WILSON, C. J., PHILBROOK, DUNN, DEASY, STURGIS, PATTANGALL, JJ.

WILSON, C. J.    An action on the case to ʳecover damages for alleged diversion of two natural water courses so that the lands of the plaintiff were overflowed and injured.    At the close of the defendant's testimony, the Court directed a verdict for the defendant.    The case comes up on plaintiff's exceptions to this order.

The declaration, which contains two counts, sets forth in the first count that the diversion of one stream was caused by narrowing the

span between two abutments of a bridge, and in the second count that the diversion of the second stream was caused by constructing two culverts across or under two intersecting highways in such a manner that the lower one emptied onto the land of the plaintiff to his damage.

There is no dispute but that at one time prior to 1915 a bridge existed over the first and larger stream, the span of which was twelve or fourteen feet between the abutments, that it was in 1915 destroyed in a freshet and a new bridge built by the town of Minot with only a span of three and one-half feet.

An action was then brought by the plaintiff against the town on the ground that by narrowing the span a cattle pass between two parts of plaintiff's pasture was obstructed, and a settlement was reached by which the selectmen of the town, in its behalf, agreed to reconstruct the abutments with a span of five feet and of sufficient height to permit cattle and horses to pass through.

This was evidently done. In 1916, one of the abutments appears to have been washed out, and in 1917 by order of the selectmen of the town the abutments were again rebuilt by the defendant.

In 1918, the plaintiff brought an action against the town of Minot for failing to construct the cattle pass in accordance with the agreement entered into in 1915, in which action a jury found for the town.

The damages resulting to the plaintiff set forth in the case at bar with reference to the diversion of the stream flowing under this bridge are alleged to have resulted from the abutments being placed nearer together than they had previously been, so that the water flowed through them with greater depth and force than formerly; but having failed in his action against the town for alleged failure to construct the abutments to this bridge according to the agreement entered into in 1915, he can not now recover of its agent, who did the work, for any damages resulting therefrom by reason of the width of the span as here alleged. *Emery* v. *Fowler*, 39 Me., 326; *Atkinson* v. *White*, 60 Me., 396, 398.

The plaintiff in 1919 brought an action against the town upon a declaration of the same tenor as in the instant case and was nonsuited by order of Court, but it was neither pleaded as a bar to this action against the defendant as agent, not would it constitute a bar

having been disposed of by a non-suit. *Holman* v. *Lewis*, 107 Me., 28.

We must, therefore, consider the second count upon the record in this case. The declaration in the second count sets forth that a culvert was installed "across the easterly end of the old Highway at a point where it enters the New Highway and thereby  *  *  diverted a brook;  *  * and at the southerly end of said culvert another culvert at right angles to the culvert was constructed and placed under the New Road  *  *  * with the westerly end of the last mentioned culvert emptying onto the land of the plaintiff."

The record, however, as to the allegations in the second count is so vague and confused that it is not clear whether or not as to this count the plaintiff was aggrieved by the Court's ruling. Apparently the parties at the trial had a plan or chalk from which or with reference to which the witnesses were testifying, but no plan was introduced in the case, and the record itself conveys no clear idea of what the facts were on which the plaintiff relies.

As near as can be ascertained from the record, a small brook originally flowed across the so-called "Old Highway" and near or in the locus of the "New Highway" and after the construction of the "New Highway" flowed along a ditch on the easterly side of the New Highway to the larger stream at the upper side of the bridge mentioned in the first count.

In June, 1917, the defendant by direction of the road commissioner of the town of Minot put a new culvert under the "Old Highway" and another culvert across the "New Highway," so-called, thus conveying the water of the brook under the "New Highway" to the westerly side thereof. Whether it would then have made its way in the ditch along the easterly side of the way to the larger stream below the bridge and cattle pass, so-called, or would have overflowed the defendant's land is not entirely clear, except as it must be inferred from the plaintiff's reply to a question as to whether the water flowing through the culvert went onto the plaintiff's land differently than formerly, his answer was:

> "By cutting a channel. It couldn't possibly go unless he cut the channel."

The real grievance the plaintiff has against the defendant appears to be that to ensure carrying off of the water so that it would not

overflow and wash out the road, the defendant dug a trench through the plaintiff's land for sixty feet, thus conducting the water of the stream across his land for a distance and then overflowing it, causing the damage he claims in this action. His declaration, however, is not grounded on the invasion of his land by the digging of this trench.

While either the road commissioner or the defendant might be liable in damage for digging a trench through the plaintiff's land, *Plummer* v. *Sturtevant*, 32 Me., 325, or for constructing culverts which diverted the waters of a natural stream upon his land, it does not appear from the record in this case that the construction of the culverts contributed to the plaintiff's damage or would have caused him any damage if the trench had not been dug.

The plaintiff in his declaration alleges damages from the diversion of a stream by the installing of the culverts. He must recover, if at all, *secundum allegata*.

So far as can be determined from the record, there was no evidence upon which a verdict could fairly rest that the injuries suffered by the plaintiff were caused by the installing of the culverts alone, or in other words, that if the trench had not been dug, the waters flowing through the culverts could not have been taken care of by ordinary ditches beside the road until they reached the larger stream below. If the facts are otherwise, the record sent up to this Court does not disclose it.

The objection that the plaintiff could not recover under his declaration for injuries resulting from the digging of the trench was fairly raised below by the counsel for defendant in the course of the trial, so that the case does not fall within the rule laid down in *Clapp* v. *Cumberland Co. P. & Lt. Co.*, 121 Me., 356, if an amendment were permissible.

Upon the record before this Court, the order of the Court below directing a verdict for the defendant appears to have been justified.

*Exceptions overruled.*